STATE v. H. D. GODWIN et als.

(Decided October 10, 1898.)

*Void Tax Levy—Unconstitutional Statute, Liability Under.*

1. The Act of March 7th, 1897, Public Laws, Chapter 514, providing a special system for working the public roads of Hertford County is unconstitutional and void, because the Constitutional equation between the tax on the poll and that on property was not observed, its provisions being all interdependent.

2. An individual office-holder is not required to be wiser than the whole people represented in their General Assembly: therefore, he is not indictable for obeying an unconstitutional legislative act (unless it required the commission of a crime, which is not for a moment to be supposed; nor is he indictable for refusing to perform certain duties under a former law, attempted to be repealed by a subsequent unconstitutional statute, until at least after a decision by competent authority.

3. The case of *Norton* v. *Shelby County*, 118 U. S., 425, cited by counsel for the procecution, distinguishable from this case.

INDICTMENT tried before *Norwood, J.*, at Spring Term, 1898, of HERTFORD Superior Court against the defendants, Justices of the Peace of said county, for failing to perform the duties imposed upon them as a Board of

Supervisors of the Public Roads, by Sections 2014–2024 of *The Code.*

The jury returned a special verdict, as follows:

"We find that on the 7th day of March, 1897, the General Assembly passed an Act to provide for working the roads of Hertford County, as the same appears in Chapter 514 of the Public Laws of N. C., Session 1897, and which said Act is made a part of this finding. That on the 1st Monday in June, 1897, the County Commissioners of Hertford County met in regular session and after consultation with counsel and upon advice, they decided that the said Act was inoperative and void and unconstitutional, because the Act did not observe the constitutional equation of taxation; and at the said meeting the county commissioners refused and declined to levy said road tax or to elect the officers named in the Act, or in any way to put in operation the provision of the said Act; and this official decision and conduct of the said commissioners was known to each of the defendants named in the bill of indictment in this cause. That the commissioners at said meeting levied the full constitutional limit of taxation for the ordinary and necessary expenses of Hertford County, and this was known to the defendants. That on the 1st day of June, 1897, and since that time, they have all been acting Justices of the Peace in St. John's township in Hertford County. That on the first Thursday in August, 1897, the said defendants, after taking the advice of counsel and being of opinion that the provisions of the general law relating to public roads in Hertford County had been repealed by said Act and that the said Act was in force, declined and refused to hold the meeting required by Sections 2015 and 2016 of *The Code* and also made no report to this Court at the Fall Term of the condition

of the roads in said township.   That the failure of the said defendants to hold said meeting and to make the said report was owing to the fact that they were advised and believed that their duties in regard to the public roads of Hertford County had been taken from them by the said Act and vested in the officers named in said Act; and being ignorant of the law, the jury say that if upon the facts, as above stated, the Court is of opinion, that under the law these defendants are guilty, the jury find them all guilty as charged; and if the Court is of opinion, that under the law the defendants are not guilty, then the jury find that all the defendants are not guilty."

The judgment of the Court was that the defendants were not guilty.

The Solicitor for the State appealed.

*Mr. B. B. Winborne* with *Mr. Zeb V. Walser, Attorney General,* for the State (appellant).

*Mr. Francis D. Winston,* for defendants.

MONTGOMERY, J.:   The defendants were Justices of the Peace and by virtue of their office (*Code,* Section 2014) were a board of supervisors and were required to look after the public roads in their townships.   They were required also (*Code,* Section 2015) to hold stated meetings for the purpose of consulting on the condition of the roads, and, by Section 2024 of *The Code,* to make to the Superior Court at term time an annual report of the condition of the roads.   The General Assembly of 1897 in Chapter 514 undertook to repeal the provisions of *The Code,* above referred to, as to Hertford County, and to impose upon others the duties required of the defendants.   The defendants after the enactment of the

Act of 1897, failed and refused to discharge the duties enjoined upon them under the provisions of the former law (*The Code*) and they were indicted on account of such failure and refusal. The Act of 1897, in its entirety, is contrary to the provisions of our State Constitution and is therefore void. In the Act a tax for making, repairing and keeping up the public roads of Hertford County, a necessary county expense, was authorized to be levied upon property, *solely*. The constitutional equation between the tax on the poll and that on property was not observed. It was contended here by the counsel of defendants that a part of the Act was in conformity to the Constitution and that such part should be upheld, but upon a careful reading of each of its provisions it is manifest that they are all interdependent. The county commissioners had refused from the beginning to act under the law of 1897, and hence the question of the appointment of the officers prescribed by that Act, in place of the defendants, and the consequent effect of such appointment does not arise.

The whole Act appears on its face to be one common plan for working the public roads of Hertford County, and the enforcement of its provisions depends entirely upon the tax provided for in the first section, and that section being void because it disregards the equation of taxation between property and the poll, the whole Act fails.

The question for decision then is, is one who is a public officer under a former provision of law compelled under pain of indictment and punishment to perform the duties of the office during the time when there was on the Statute books a subsequent Act unconstitutional in all of its provisions? The matter is an important one both to the public and to the individual. With us,

public office is a public trust and public officers are
merely the agents of the people.    This fundamental
principle of republican government may not always be
recognized by the officer but it is nevertheless the true
theory.    When the people, through their representa-
tives, create a public office and prescribe the duties of
the officer, the people act for the common good and the
incumbent of the office is the mere instrument used for
the general welfare.    His gain or profit is not in con-
templation of the law-makers.    The public interest is
the chief consideration.    What an anomalous state of
things would we have then, if a person believing him-
self to be a public officer, because of the discharge of
the duties which he thought he owed to the public,
should afterwards be indicted and punished because the
courts had held the Act, which created the office and
prescribed its duties, to be against the provisions of the
Constitution and void.    Such a proposition would be
equivalent to declaring that the individual office holder
must be wiser than the whole people represented in
their general assembly.    Such a proposition to us seems
opposed to every idea of justice.    It could not be true.
The criminal law cannot be invoked to punish one who
acts as a public officer—as an agent of the people—and
who in the discharge of a public duty had obeyed an
Act of the law-making power even though the law be
unconstitutional, unless the Act itself had required the
committal of a crime—a thought which could not be en-
tertained for a moment.    And it makes no difference
that in the case before the court the defendants are in-
dicted for a *refusal* to perform certain duties under a
former law attempted to be repealed by a subsequent
unconstitutional statute and not for doing positive acts
under an unconstitutional law.    The principle is the

same in both cases.     The defendants here cannot be punished under the criminal law for failing and refusing to perform the duties of an office which office and the duties pertaining to it had been sought to be repealed by a subsequent Act of the Legislature, afterwards declared by the courts to be unconstitutional.     Until the subsequent statute was declared to be unconstitutional by competent authority, the defendants, under every idea of justice and under our theory of government had a right to presume that the law making power had acted within the bounds of the Constitution, and their highest duty was to obey.

It is not necessary to a proper determination of this case to go into the realm of the effect of contracts, executed or executory, made by a person claiming to be a public officer, but where there is no lawfully created office.     The counsel for the prosecution cited to the court in support of his position the case of *Norton* v *Shelby County,* 118 U. S., 425, and especially to that portion of the opinion wherein it was declared by the court that "an unconstitutional Act is not a law; it confers no rights ; it imposes no duties ; it affords no protection ; it creates no office; it is in legal contemplation as inoperative as though it had never passed." The opinion in that case was rendered upon the effect of an executory contract made by one who claimed to be a public officer, the office having been created without authority of law. For the reasons given in this opinion, the case of *Norton* v. *Shelby County, supra,* does not apply to the facts in this case.

Upon the special verdict the judgment of the court below was that the defendants were not guilty, and the judgment is affirmed.

Affirmed.